# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# AKRON DIVISION

| | |
|---|---|
| DOUGLAS A. FIFER, JR., <br><br> Plaintiff, <br><br> v. <br><br> SEQUIUM ASSET SOLUTIONS, LLC, <br><br> Defendant. | Case No. 5:20-cv-02463 |

**NOW COMES** DOUGLAS A. FIFER, JR., by and through his undersigned counsel, complaining of Defendant SEQUIUM ASSET SOLUTIONS, LLC, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020)

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. DOUGLAS A. FIFER, JR. ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. SEQUIUM ASSET SOLUTIONS, LLC ("Defendant") is a limited liability company corporation organized under the laws of Georgia.

8. Defendant is a debt collection firm that attempts to collect debts from consumers nationwide.

9. Defendant maintains its principal place of business at 1130 Northchase Parkway SE, Suite 150, Marietta, Georgia 30067.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone numbers ending in 8547.

15. At all times relevant, Plaintiff's number ending in 8547 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17. In or around July 2020, Plaintiff started to receive nonconsensual calls from Defendant to his cellular phone.

18. Shortly after Defendant's calls began, Plaintiff answered a call in an effort to determine the reason for Defendant's calls.

19. During the first answered call with Defendant, Defendant advised Plaintiff that Defendant was trying to locate "John."

20. Defendant's representative then inquired if Plaintiff knew John or would be able to help Defendant get in touch with "John" regarding an unpaid student loan.

21. In response, Plaintiff (1) reluctantly disclosed to Defendant that John was his son-in-law; (2) advised Defendant that he would not provide Defendant with any further information pertaining to his son-in-law; and (3) requested that Defendant cease calls to his cellular phone.

22. Undeterred by Plaintiff's directive, Defendant's representative advised Plaintiff that this whole process would be much easier if only Plaintiff cooperated.

23. Moreover, Defendant's representative brazenly informed Plaintiff that the collection calls would continue until there was cooperation from Plaintiff or John.

24. Plaintiff again requested that Defendant cease contact with him and ended the call.

25. Despite Plaintiff's numerous requests that Defendants cease its harassing calls, Defendant continued placing daily calls to Plaintiff's cellular phone.

26. Each time Plaintiff answered Defendant's calls, he was met by a lengthy period of dead air followed by a beeping noise prior to being connected to an agent.

27. Despite Plaintiff's repeated requests that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect a debt allegedly owed by Plaintiff's son-in-law.

28. In total, Defendant placed no less than eighty (80) harassing collection calls to Plaintiff's cellular phone in an attempt to collect a debt allegedly owed by Plaintiff's son-in-law.

29. At no point in time did Plaintiff provide his cellular phone number to Defendant.

30. As of the date of this Complaint, Defendant continues to place collection calls to Plaintiff's cellular phone, including phone calls from the numbers: (216)-629-0509 and (216) 629-2048.

## **DAMAGES**

31. Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

32. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of his cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

33. Moreover, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

34. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)**

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

37. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

38. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

39. Upon information and belief, the dialing system used by Defendant to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically.

40. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

41. Upon information and belief, the equipment used to call Plaintiff not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator (and to dial such numbers), but was programmed to sequentially or randomly access

5

stored telephone numbers to automatically call such numbers when it made the unauthorized calls to Plaintiff. These calls were made as part of a system where thousands of phone calls were placed in a short period of time without human intervention, as part of an automated process.

42. Defendant violated the TCPA by placing no less than eighty (80) harassing phone calls to Plaintiff's cellular phone using an ATDS without his consent.

43. As pled above, Plaintiff never provided his cellular phone number to Defendant or otherwise consented to receiving phone calls from Defendant.

44. Furthermore, Plaintiff revoked consent to be called on his cellular phone on multiple occasions during phone calls that he answered.

45. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

46. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

47. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

48. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the TCPA;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and

c. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)
#### a. Violations of FDCPA §1692c

49. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

50. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

51. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

52. Defendant violated § 1692c(a)(1) when it placed collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient to Plaintiff.

53. In other words, since Plaintiff did not want *any* calls from Defendant, *any* call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

#### b. Violations of FDCPA §1692d

54. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

55. Section 1692d(5) of the FDCPA prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

56. Defendant violated §§ 1692d and d(5) when it placed at least eighty (80) collection calls to Plaintiff's cellular phone in an attempt to collect a debt owed by Plaintiff's son-in-law.

57. Defendant's conduct in systematically calling Plaintiff's cellular phone in an attempt to collect a debt not owed by Plaintiff was harassing and abusive.

58. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

59. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

60. Defendant's intent to harass Plaintiff is further demonstrated by Defendant's brazen representation to Plaintiff that the collection calls would continue until there was cooperation from Plaintiff or his son-in-law.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: October 30, 2020  Respectfully submitted,

**DOUGLAS A FIFER, JR.**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com